GEOVANY JAVIER ZUNIGA,

      Plaintiff,

v.                                         Case No. 3:18-cv-92-J-32PDB

JULIE JONES, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint) in the United States District Court for the Southern District of Florida. On January 9, 2018, the Southern District transferred the case to this Court because Plaintiff is currently incarcerated in a prison located in the Middle District, and the events giving rise to his Complaint occurred while he was housed in a prison located in the Middle District. See Southern District Order (Doc. 5).

Plaintiff, who has moved to proceed as a pauper (Doc. 3), names as Defendants Julie Jones, Secretary of the Florida Department of Corrections (Department); the Warden of Florida State Prison (FSP), West Unit; and Florida Governor, Rick Scott. Plaintiff alleges he received inadequate legal assistance from an inmate law clerk trainee who was not certified to assist with legal work and, as a result, he "ran out of

time."[1] See Complaint at 8-9. According to Plaintiff, the Florida Administrative Code, Rule 33-501.301, provides that inmate "law clerk trainees shall not assist inmates in the preparation of legal documents and legal mail." Id. at 18. In explanation of how each Defendant acted "under color of law," Plaintiff states the following:

> The State through improper implementation of set roles. Julie L. Jones, for gross negligence, and lack of proper enforcement of the Rule F.A.C. 33 . . . F.S.P. Warden, for placing a security staff to run the law library, day in question.

Complaint at 7. Under "Statement of Claim," Plaintiff alleges that an unnamed Sergeant, apparently whom the Warden of FSP assigned to work in the law library, ordered the law clerk trainee to "work with [P]laintiff's legal issues." Id. at 8-9. Plaintiff alleges no injuries and seeks compensatory damages from all Defendants.[2] Id. at 9.

The Prison Litigation Reform Act requires a district court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171,

---

[1] In the Civil Rights Complaint Form, Plaintiff does not state what he ran out of time to do.

[2] Plaintiff indicates that he sues Defendants Jones and the Warden of FSP in their official capacities, but he seeks only monetary damages as relief. See Complaint at 5-6, 9. In the state court complaint, Plaintiff states that "[e]ach defendant is sued individually and in his official capacity." See id. at 21.

1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "<u>de facto</u> counsel" for the plaintiff. <u>Freeman v. Sec'y, Dept. of Corr.</u>, 679 F. App'x 982, 982 (11th Cir. 2017) (citing <u>GJR Invs., Inc. v. Cty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998)). "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing <u>Battle v. Cent. State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard. <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. <u>Id.</u> (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation pursuant to the PLRA because Plaintiff has failed to "state a claim to relief

that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). More than conclusory and vague allegations are required to state a cause of action under § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Plaintiff has failed to set forth any factual allegations regarding Defendants Jones or Governor Scott. Rather, Plaintiff is attempting to hold these Defendants liable based on the theory of respondeat superior. However, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the Department of Corrections because the plaintiff failed to allege that the secretary personally participated in conduct that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"). Plaintiff does not allege that Jones or Scott personally participated in any alleged violations or that they implemented an official policy that resulted in a constitutional violation. Furthermore, to the extent Plaintiff sues Defendant Jones to express his dissatisfaction with the grievance process or the Department's responses to his grievances, Plaintiff has failed to state a claim for relief.

4

The denial of a prison grievance does not amount to a federal constitutional violation under § 1983. See Bingham, 654 F.3d at 1177 ("[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest.").

With respect to the Warden of FSP, at most Plaintiff alleges that he negligently staffed the law library with a Sergeant who assigned an unqualified law clerk trainee to assist Plaintiff with legal work in violation of state law. To state a claim under § 1983, a plaintiff must allege more than mere negligence or a violation of a state law. In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant. Thus, Plaintiff has failed to state a claim against the Warden.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of June, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6
c:     Geovany Javier Zuniga